■ MAROON'S HOME PRODUCTS, INC., Appellant, v MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent and Third-Party Plaintiff. DIANE M. MAROON, Third-Party Defendant-Respondent. [665 NYS2d 770] —Order unanimously reversed on the law without costs, defendant's cross motion denied and complaint reinstated, plaintiff's cross motion granted and cross claim dismissed. Memorandum: Diane Maroon, Norman D. Maron, and Remigio Gonzalez were the shareholders and officers of plaintiff, a building supply company. In November 1990, Maron and Gonzalez discovered that Maroon had misappropri-

ated plaintiff's funds by forging the signatures of Maron or Gonzalez and cashing corporate checks. Maron and Gonzalez also discovered that Maroon had misappropriated additional funds by cashing corporate checks that bore only her signature. Pursuant to plaintiff's corporate certificate deposited with defendant-third-party plaintiff, Manufacturers and Traders Trust Company (M&T), plaintiff's four checking accounts required the signatures of two officers on all checks drawn from those accounts. According to Gonzalez, Maroon first admitted that she had embezzled $7,000, then admitted to embezzling $15,000, and finally admitted that the amount was well in excess of $15,000, "perhaps * * * as high as $18,000".

On December 7, 1990, plaintiff and Maroon entered into a written termination agreement, whereby Maroon agreed to reimburse plaintiff $15,000 as full and final settlement of plaintiff's claim for the embezzled funds, resign as an officer and director of plaintiff, relinquish her shareholder interest without compensation, and assume sole personal liability on a Citibank loan. The termination agreement also provided that plaintiff, Gonzalez and Maron would indemnify and hold Maroon harmless from "any and all corporate obligations, including but not limited to [the indebtedness to M&T and two suppliers]" and, "to the best of their ability, not divulge any information concerning the activities of Diane Maroon during the period she was a shareholder, director, or employee." Plaintiff and Maroon also executed mutual releases, discharging each other from all claims that either then had against the other.

In December 1993, plaintiff commenced this action, alleging that M&T improperly permitted checks containing only one authorized signature and/or a forged signature to be drawn from the checking accounts; that M&T improperly allowed the full line of corporate credit to be borrowed; and that M&T created a situation that enabled Maroon to embezzle corporate funds.

M&T commenced a third-party action against Maroon, asserting that her unlawful conversion of plaintiff's assets caused plaintiff's damages and that, if plaintiff recovered a judgment against M&T, M&T was entitled to judgment over against Maroon. In her third-party answer, Maroon alleged that M&T was contributorily negligent and asserted a cross claim against plaintiff for indemnification based upon the termination agreement.

Thereafter, Maroon moved for a protective order prohibiting her from being deposed regarding any issue relative to the termination agreement. She also sought permission to amend her answer to assert her discharge in bankruptcy in 1991 as

an affirmative defense to the third-party action and to interpose a cross claim against plaintiff for breach of the confidentiality clause in the termination agreement. Additionally, Maroon requested dismissal of the third-party complaint.

M&T cross-moved for summary judgment dismissing the complaint or, in the alternative, for an order granting M&T permission to serve a second amended answer to add affirmative defenses. Plaintiff cross-moved for summary judgment dismissing Maroon's cross claim. Supreme Court granted M&T's cross motion for summary judgment dismissing the complaint and dismissed, as moot, the remaining relief requested by the parties.

M&T contends that any recovery against it by plaintiff will, in turn, result in a recovery by M&T for the same amount against Maroon, who in turn will recover the same amount against plaintiff pursuant to the hold harmless and indemnification clause in the termination agreement. Thus, M&T argues, the circuity of judgments or "absurd circle of liability" precludes plaintiff from recovering in its action against M&T. M&T has submitted no authority to support that argument and we reject it as meritless.

In any event, there is no "circuity" because Maroon may not recover on her cross claim against plaintiff. The indemnification clause in the termination agreement provides that Maroon will be indemnified and held harmless "from any and all corporate obligations". Contrary to the contention of M&T, "corporate obligations" would not include a judgment by M&T against Maroon. That term clearly refers only to those obligations plaintiff incurred in the ordinary and usual conduct of its business and does not include the personal liability of Maroon to M&T arising out of her embezzlement of plaintiff's funds.

The fact that plaintiff executed a general release running to Maroon does not require a different result. The release discharges Maroon only for her liability to plaintiff, not for her liability to M&T arising out of a lawsuit that accrued well after execution of the agreement.

We reject the contention of M&T that the termination agreement is analogous to a "Mary Carter" agreement, whereby certain defendants in a multi-party case collude with plaintiff to diminish their liability and increase the liability of a non-agreeing defendant (see, Booth v Carter Paint Co., 202 So 2d 8 [Fla App 1967]; see also, Leon v Peppe Realty Corp., 190 AD2d 400, 413-414). There is nothing in the record, aside from the fact that Maroon is the cousin of Maron and related by marriage to Gonzalez, to support the contention that the termination agreement is the product of collusion.

We also reject the contention of M&T that plaintiff's execution of the termination agreement and the general release discharging Maroon operates as a waiver and an estoppel with respect to claims against her and therefore bars plaintiff from bringing this action. The fact that plaintiff entered into an agreement with Maroon, to which M&T is not a party, does not result in either a waiver or an estoppel precluding plaintiff from suing M&T for breach of its obligations as a depository bank to plaintiff (*see,* UCC 3-404 [1]). Nor does the agreement between plaintiff and Maroon bar any action by M&T against Maroon. Whatever rights Maroon may have under the termination agreement and general release affect only her and plaintiff.

Contrary to the further contention of M&T, the termination agreement does not restrict its discovery rights. That agreement provides only that the parties will keep confidential the circumstances surrounding Maroon's embezzlement "to the best of their ability". M&T was not a party to that agreement. Thus, the confidentiality clause does not hinder M&T from discovering facts relevant to its defense.

In light of our determination, we do not consider the remaining contentions of the parties. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Dismiss Complaint.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.