■ LaSalle Bank National Association, Respondent, v Nomura Asset Capital Corporation et al., Appellants. [788 NYS2d 83]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 13, 2004, which denied defendants' motion for partial summary judgment addressed to the second cause of action, unanimously affirmed, with costs.

On July 7, 2003, the Special Servicer sent to defendants Nomura Asset Capital (NACC) and Asset Securitization (ASC), the respective seller and depositor of 155 commercial mortgage loans, a letter that included a request for "evidence of compliance with the obligations of ASC and NACC as set forth in Paragraph 1 of the [Mortgage Loan Purchase and Sale Agreement (MLPSA)] with respect to all other loans (*i.e.*, those loans not yet in Special Servicing)." This raised a material question of fact as to whether the Special Servicer was seeking documents pertaining to all loans, regardless of whether they were in Special Servicing. As the IAS court observed, the request was subject to opposing reasonable interpretations, precluding the award of partial summary judgment on that issue (*see Greacen v Poehlman*, 191 NY 493, 498 [1908]). Nor is there support for defendants' assertion that plaintiff was the only entity authorized to request loan origination and underwriting files from them in light of a reading of section 3.01 (a) of the pooling and servicing agreement, which grants Servicer and the Special

Servicer very broad authority and authorizes them to "service and administer the Mortgage Loans on behalf of the Trust Fund and the Trustees (as trustee for certificateholders)." Defendants fail to cite to any provision in that agreement limiting the Special Servicer's authority in that regard. Defendants' attempt to find such a limitation in the MLPSA is without avail.

In light of defendants' failure to argue in their motion papers, as they do now, that plaintiff never demonstrated it had sustained any damages, we refuse to consider the argument now (*see e.g. International Bus. Machs. Corp. v Joseph Stevens & Co.*, 300 AD2d 222 [2002]). There is no record to "search" concerning proof of damages, and in any event, the authority given to the Appellate Division to search the record and grant summary judgment pertains only to relief for the nonmoving party on a matter addressed in the motion (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111 [1984]; *Frank v City of New York*, 211 AD2d 478, 479 [1995]). Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.