[857 NE2d 60, 823 NYS2d 765]

GREAT NORTHERN INSURANCE COMPANY, Plaintiff, v INTERIOR CONSTRUCTION CORP. et al., Defendants, THE DEPOSITORY TRUST & CLEARING CORPORATION, Appellant, and NEW WATER STREET CORPORATION, Respondent. (And a Third-Party Action.)

Argued September 12, 2006; decided October 19, 2006

**POINTS OF COUNSEL**

*Herzfeld & Rubin, P.C.,* New York City (*David B. Hamm* of counsel), and *Morris, Duffy, Alonso & Faley, LLP* (*Yolanda L. Ayala* and *Kevin G. Faley* of counsel), for appellant. I. This lease did not manifest the "unmistakable intent" of the parties to require Depository Trust & Clearing Corporation to indemnify New Water Street Corporation for the latter's own negligence. (*Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Levine v Shell Oil Co.,* 28 NY2d 205; *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, 65 NY2d 1038; *Edge Mgt. Consulting, Inc. v Blank,* 25 AD3d 364; *Zanghi v Laborers' Intl. Union of N.*

*Am., AFL-CIO,* 21 AD3d 1370; *Moore v First Indus.,* 296 AD2d 537; *Hooper Assoc. v AGS Computers,* 74 NY2d 487; *Matter of Wingen v Fleischman,* 252 NY 114; *Tonking v Port Auth. of N.Y. & N.J.,* 3 NY3d 486.) II. If the indemnification provisions in the lease are read to require Depository Trust & Clearing Corporation to indemnify New Water Street Corporation for New Water Street Corporation's own negligence, they are void under General Obligations Law § 5-321. (*Kirshenbaum v General Outdoor Adv. Co.,* 258 NY 489; *Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554; *Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372; *Matter of Regan v Crime Victims Compensation Bd.,* 57 NY2d 190; *Danielson v Jameco Operating Corp.,* 20 AD3d 446; *Molina v Perez,* 18 AD3d 453; *Breakaway Farm, Ltd. v Ward,* 15 AD3d 517; *Delgiudice v Papanicolaou,* 5 AD3d 236; *Tormey v City of New York,* 302 AD2d 277; *Glens Falls Ins. Co. v City of New York,* 293 AD2d 568.)

*Quirk and Bakalor, P.C.,* New York City (*Richard H. Bakalor* of counsel), for respondent. I. A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances. (*Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774; *Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Hooper Assoc. v AGS Computers,* 74 NY2d 487.) II. The intention to indemnify New Water Street Corporation for its own negligence can be clearly implied from the language and purposes of the entire agreement and surrounding facts and circumstances. (*Parra v Ardmore Mgt. Co.,* 258 AD2d 267; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Reyes v Orient Overseas Assoc.,* 309 AD2d 682; *Liff v Consolidated Edison Co. of N.Y.,* 29 AD2d 665, 23 NY2d 854; *Levine v Shell Oil Co.,* 28 NY2d 205; *R/S Assoc. v New York Job Dev. Auth.,* 98 NY2d 29; *South Rd. Assoc., LLC v International Bus. Machs. Corp.,* 4 NY3d 272; *Penn v Jaros, Baum & Bolles,* 12 AD3d 255; *Security Ins. Co. of Hartford v Interior Constr. Corp.,* 307 AD2d 877.) III. *Hogeland v Sibley, Lindsay & Curr Co.* (42 NY2d 153 [1977]) is still the law in the State of New York. (*Kinney v Lisk Co.,* 76 NY2d 215; *Ameri v Young Skincare Ctr.,* 170 AD2d 280; *Parra v Ardmore Mgt. Co.,* 258 AD2d 267; *Schumacher v Lutheran Community Servs.,* 177 AD2d 568; *La Vack v National Shoes,* 124 AD2d 352; *Reeves v Welch,* 127 AD2d 1000; *Tormey v City of New York,* 302 AD2d 277; *Sanford v Woodner Co.,* 304 AD2d 813.) IV. Stare decisis by itself, under the facts herein, should lead to the affir-

mance of the court below. (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153; *Cenven, Inc. v Bethlehem Steel Corp.*, 41 NY2d 842; *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373; *Matter of Higby v Mahoney*, 48 NY2d 15; *Kinney v Lisk Co.*, 76 NY2d 215.) V. There is no statute prohibiting a landlord from obtaining contractual indemnification for its own negligence from its tenant when the parties allocate the risk of liability to third parties, essentially through the employment of insurance. (*Kirshenbaum v General Outdoor Adv. Co.*, 258 NY 489; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153; *Levine v Shell Oil Co.*, 28 NY2d 205; *Mirsky v Seaich Realty Co.*, 256 App Div 658; *Lake v Watertown Natl. Bank*, 31 Misc 2d 336.) VI. Since the insurance coverage required by the lease, which coverage was in fact obtained, is greater than the damages claimed or the amount for which plaintiff's case settled, there is no public policy reason not to enforce the indemnity agreement. (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153; *Parra v Ardmore Mgt. Co.*, 258 AD2d 267; *Morel v City of New York*, 192 AD2d 428; *Ameri v Young Skincare Ctr.*, 170 AD2d 280.)

**OPINION OF THE COURT**

Graffeo, J.

At issue in this case is the enforceability of an indemnification provision in a commercial lease. We conclude that the indemnification clause, which was coupled with an insurance procurement provision, obligates the tenant to indemnify the landlord for its share of liability, and that such a lease provision does not violate General Obligations Law § 5-321. We therefore affirm the order of the Appellate Division so holding.

New Water Street Corporation leased a portion of the 28th floor of its building located at 55 Water Street in New York City to Depository Trust & Clearing Corporation. The lease required Depository to indemnify New Water as follows:

> "Tenant shall indemnify and hold harmless Landlord . . . from and against any and all claims arising from or in connection with (A) the conduct or management of the Premises or of any business therein, or any work or thing whatsoever done, or any condition created (other than by Landlord) in or about the Premises during the term of this Lease . . . ; (B) any act, omission or negligence of Tenant or any of its subtenants or licensees . . . or contractors; (C) any accident, injury or damage whatsoever

(unless caused solely by Landlord's negligence) occurring in, at or upon the Premises; and (D) any breach or default by Tenant in the full and prompt payment and performance of Tenant's obligation under this Lease . . . ."

The lease further obligated Depository, at its expense, to maintain a comprehensive general liability insurance policy naming New Water as an additional insured with coverage to be no less than $5 million "combined single limit per occurrence for bodily injury and property damage liability." Another lease term directed New Water and Depository to obtain mutual waivers of subrogation in their respective insurance policies. Depository procured the specified insurance coverage, and New Water also maintained a separate insurance policy for the building.

After entering into the lease, Depository hired Interior Construction Corporation to renovate a portion of its premises. Interior subcontracted with TM & M Mechanical Corporation to perform work on an existing sprinkler system as part of the project. In August 1999, during construction, a flood occurred, causing property damage to the premises of Neuberger & Berman, LLC, a tenant on the floor below. The water damage resulted from the failure to drain the pipes properly before beginning the sprinkler work.

Great Northern Insurance Company—Neuberger's insurer—commenced a subrogation action against New Water, Depository and Interior in June 2001 to recover the monies it had paid to Neuberger on its property damage claim.[1] As relevant to this appeal, New Water interposed a cross claim against Depository for contractual indemnification. In 2004, the subrogation action was settled for $200,000 and all claims and cross claims among the parties were resolved, except for New Water's indemnification claim against Depository.[2] As part of the settlement, the parties stipulated that if the case had been tried by a jury, 90% of the liability would have been allocated to New Water and 10% to Interior. After the settlement, New Water moved for summary judgment against Depository on its claim for contractual indemnification. Supreme Court denied the motion. The

---

**1.** Great Northern later amended the complaint to add TM & M as a defendant.

**2.** Interior agreed to pay $20,000 and TM & M agreed to pay $6,700 under the settlement. New Water and Depository, through their insurers, each paid $86,650. Accordingly, New Water seeks $86,650 from Depository (to be paid by Depository's insurer) under its contractual indemnification claim.

Appellate Division initially affirmed but later granted reargument and reversed, thereby granting New Water's motion. We granted Depository leave to appeal.

Depository advances two arguments to support its position that New Water is not entitled to contractual indemnification. First, Depository asserts that the language of the lease provision at issue does not unmistakably require indemnification under the circumstances of this case. Alternatively, even if interpreted to entitle New Water to indemnification, Depository urges that the lease provision is unenforceable and contrary to public policy under General Obligations Law § 5-321 because it obligates a tenant to indemnify a landlord for the landlord's own negligence. We address each contention in turn.

Courts will construe a contract to provide indemnity to a party for its own negligence only where the contractual language evinces an "unmistakable intent" to indemnify (see Levine v Shell Oil Co., 28 NY2d 205, 212 [1971]). As we have explained:

> "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989] [citations omitted]; see also Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 433 [2005]).

Here, subsection (C) of the indemnification clause in the lease required Depository to indemnify New Water for "any" accident occurring in Depository's premises "unless caused solely by [New Water's] negligence." This broadly drawn provision unambiguously evinced an intent that Depository indemnify New Water for the latter's own negligence, provided New Water was not 100% negligent. In this case, the parties stipulated that New Water was 90% at fault and Depository's contractor was 10% responsible for the water damage. Hence, New Water was not solely liable under the terms of the stipulation and the clear language of the lease unmistakably affords indemnification under the circumstances of this case.[3]

---

**3.** Since we find that New Water is entitled to indemnification under subsection (C) of the clause, our decision does not turn on other subsections of

Having concluded that the indemnification provision was triggered, we next consider Depository's contention that the provision is nevertheless unenforceable in light of General Obligations Law § 5-321. That statute provides:

"Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."

The controlling precedent regarding application of General Obligations Law § 5-321 is *Hogeland v Sibley, Lindsay & Curr Co.* (42 NY2d 153 [1977]). In *Hogeland*, a customer sustained injuries when she tripped on a sidewalk outside the tenant's store. The jury awarded damages in the ensuing personal injury action, allocating 60% of the fault to the landlord and 40% to the tenant. The landlord then sought contractual indemnification for its share of the damages from the tenant based on a clause in the lease obligating the tenant to indemnify the landlord for all claims arising from accidents "in or about the Tenant's demised premises" (*id.* at 157). Significantly, the lease also contained an insurance procurement provision, directing the tenant to name the landlord as an additional insured on the tenant's liability insurance policy if the landlord so requested, provided the landlord bore any increase in premium costs.

Recognizing at the outset that the lease in *Hogeland* was negotiated at arm's length by two sophisticated business entities, we determined that the contested clause required the tenant to indemnify the landlord for its own negligence. We then addressed the impact of General Obligations Law § 5-321, if any, on the landlord's right to recover, and observed that the

---

that provision. Furthermore, we are unpersuaded by Depository's claim that subsection (A) of that clause negates the coverage specially provided by subsection (C). Even if, as Depository asserts, all four subsections must be read together, the subsection (A) reference to "conditions" created by New Water—to the extent such conditions contemplate negligence principles—would necessarily be qualified by subsection (C)'s "sole negligence" language. As such, New Water would be entitled to indemnification for damages resulting from a condition it created unless the condition arose solely through its own negligence, which all parties agree was not the situation here.

statute's invalidation of agreements "exempting" lessors from liability for damages resulting from their own negligence "strongly suggests that [it] was directed primarily to exculpatory clauses in leases whereby lessors are excused from direct liability for otherwise valid claims which might be brought against them by others" (*id.* at 160). We held that General Obligations Law § 5-321 did not preclude the landlord's indemnification claim, reasoning:

> "It is against this background of declared purpose that the indemnification clauses before us must be considered. So analyzed, [the landlord] is not exempting itself from liability to the victim for its own negligence. Rather, the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance. Courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public" (*id.* at 161).

There is no meaningful distinction between *Hogeland* and the case before us. As in *Hogeland*, this case presents a commercial lease negotiated between two sophisticated parties who included a broad indemnification provision, coupled with an insurance procurement requirement. That arrangement afforded Neuberger, the tenant who sustained water damage, adequate recourse for the damages it suffered. Additionally, Depository's insurer—not Depository itself—will bear ultimate responsibility for the indemnification payment, which is precisely the result contemplated by the parties when they entered into the lease. Where, as here, a lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity.[4]

Finally, we decline Depository's invitation to overrule *Hogeland*. Under the doctrine of stare decisis, we do not lightly depart from our precedents, particularly those involving

---

4. Nor do we find the absence of a contractual provision expressly limiting New Water's recovery to Depository's insurance coverage fatal (*cf. Colosi v RATL, LLC*, 7 AD3d 558, 559 [2d Dept 2004]). Here, Depository's insurance policy afforded coverage of $5 million to New Water as an additional insured. The liability at issue in this case amounted to $86,650. The question of whether a landlord may seek indemnification in excess of insurance limits is therefore not before us and we do not reach it.

contractual rights or statutory interpretation—both are at stake in this case (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 381 [1986]; *Matter of Higby v Mahoney*, 48 NY2d 15, 19 [1979]). Commercial landlords and tenants have relied on *Hogeland* for close to 30 years in negotiating their contractual relationships and the Legislature has not seen fit to alter this rule.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, READ and R.S. SMITH concur; Judge PIGOTT taking no part.

Order affirmed, with costs.