Order, Supreme Court, New York County (Joan A. Madden, J), entered July 29, 2013, which denied defendants’ motions for summary judgment on their counterclaims for contractual indemnification, and, upon a search of the record, denied summary judgment to plaintiff, unanimously modified, on the law, to grant defendants’ motions, and to remand the matter for a determination of the amounts due on the counterclaims, and otherwise affirmed, without costs.
Defendants are entitled to recover the costs and expenses they incurred in defending and settling the federal action that alleged discrimination in a place of public accommodation and identified 21 alleged violations of the Americans with Disabilities Act of 1990 (ADA) (42 USC § 12101 et seq.). In that action, defendants were sued in their capacities as the former and subsequent landlord of premises leased by plaintiff.
Paragraph 18 (C) (1) (v) of the lease agreement entered into between plaintiff, as tenant, and defendant 483 Broadway LLC, as landlord (and later assigned by 483 Broadway LLC to defendant C&A 483 Broadway Realty Corp.), requires “Tenant ... to pay, as additional rent, all reasonable attorneys’ fees and disbursements . . . Landlord may incur ... by reason of . . . any other appearance by Landlord . . . as a witness or otherwise in any action or proceeding whatsoever involving or affecting Landlord, Tenant or this Lease.” The phrase, “any other appearance,” does not refer solely to situations in which landlord appears as a nonparty; it merely distinguishes subsection (v) *655 from the preceding subsections, which refer to disputes between landlord and tenant. No determination of liability in the federal action was necessary to invoke this provision, since the provision requires only that landlord be involved in the action.
Defendants are also entitled to recover pursuant to paragraph 37 of the lease agreement, which requires plaintiff to “indemnify and save harmless Landlord from and against (a) all claims of whatever nature against Landlord arising from any act, omission or negligence of Tenant . . . including any claims arising from any act, omission or negligence of Landlord . . . and (d) any breach, violation or nonperformance of . . . this Lease.” This broad indemnification provision is coupled with a requirement that plaintiff obtain insurance coverage “including broad form contractual liability coverage.” As the parties thus allocated the risk of liability to others between themselves through insurance, indemnity is not prohibited (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412 [2006]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161 [1977]). Moreover, the ADA expressly authorizes the allocation of responsibility between a landlord and a tenant of a place of public accommodation “by lease or other contract” (see 28 CFR 36.201 [b]).
The failure to defend and indemnify defendants in the federal action and reimburse them for their costs and expenses rendered plaintiff in default of the lease, pursuant to paragraph 19 (A) thereof, thereby entitling defendants to recover amounts paid as a result of the default.
Although 483 Broadway Realty Corp.’s costs and expenses in connection with the federal action were incurred after the lease was assigned to C&A 483 Broadway LLC, its potential liability attached while it was plaintiffs landlord, since the federal action was commenced, and the ADA violations alleged therein occurred, before the effective date of the assignment. The preassignment commencement of the federal action does not preclude recovery by C&A 483 Broadway against plaintiff, since C&A 483 Broadway was made a party only after it had become plaintiff’s landlord, and the federal action alleged continuing violations.
Concur—Mazzarelli, J.E, Friedman, Saxe, ManzanetDaniels and Feinman, JJ.