Egan Jr., J.
Appeal from an order of the Supreme Court (Platkin, J.), entered July 22, 2014 in Greene County, which, among other things, denied third-party defendant’s motion for summary judgment dismissing the third-party complaint.
At all times relevant, defendant leased a portion of the premises located at 7261 Main Street in the Town of Hunter, Greene County to third-party defendant, Paraco Gas Corporation. Specifically, defendant leased the entire first floor and a portion of the basement level to Paraco for use as office space. On January 25, 2010, plaintiff, one of Paraco’s employees, slipped and fell while descending an external rear staircase at the leased premises, prompting plaintiff to commence this negligence action against defendant seeking to recover for her resulting injuries. Defendant answered and, in March 2012, commenced a third-party action against Paraco seeking, among other things, contractual indemnification based upon a provision embodied in the subject lease.
Following service of its answer, Paraco moved for summary judgment dismissing the third-party complaint, contending, among other things, that the indemnification clause relied upon by defendant either was inapplicable or violated the provisions of General Obligations Law § 5-321. Paraco’s motion was denied in June 2013. The parties then appeared before Supreme Court (Elliott, J.) for trial in November 2013, at which point counsel for plaintiff announced that plaintiff had settled *1124 the main action against defendant for $500,000. In conjunction therewith, counsel for plaintiff stipulated that plaintiff bore “some culpable conduct with respect to the [subject] fall.” Supreme Court then severed the third-party action, denied Paraco’s request for an immediate trial and directed defendant to file a note of issue.
Thereafter, in April 2014, Paraco again moved for summary judgment dismissing the third-party action, again contending that the subject indemnification clause violated General Obligations Law § 5-321 and, further, that plaintiffs admission of culpable conduct constituted an impermissible “Mary Carter” agreement. Defendant opposed the motion and cross-moved for summary judgment seeking, among other things, indemnification from Paraco. Supreme Court (Platkin, J.) denied Paraco’s motion and granted defendant’s cross motion, prompting this appeal.
Preliminarily, we reject Paraco’s assertion that Supreme Court abused its discretion in entertaining defendant’s admittedly untimely cross motion for summary judgment. “A cross motion for summary judgment made after the expiration of the deadline for making dispositive motions may be considered by the court, even in the absence of good cause, where a timely motion for summary judgment was made seeking relief nearly identical to that sought by the cross motion” (Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 448-449 [2013] [internal quotation marks, brackets and citation omitted]; see McCallister v 200 Park, L.P., 92 AD3d 927, 928 [2012]; Snolis v Clare, 81 AD3d 923, 925 [2011], lv denied 17 NY3d 702 [2011]; see also Williams v Wright, 119 AD3d 670, 671-672 [2014]). Here, both Paraco’s timely motion for summary judgment dismissing the third-party complaint and defendant’s untimely cross motion for summary judgment on its contractual indemnification claim were premised upon essentially the same grounds — namely, the applicability and enforceability of the indemnification clause at issue. Under these circumstances, Supreme Court properly considered the merits of defendant’s cross motion.
Paraco’s further claim — that the settlement entered into between plaintiff and defendant and plaintiff’s corresponding admission of culpability constituted an impermissible “Mary Carter” agreement — is equally unpersuasive. A “Mary Carter” agreement “is a contract by which one or more [of the] defendants in a multiparty case secretly conspires with the plaintiff to feign an active role in the litigation in exchange for assurances that its own liability will be diminished proportionately *1125 by increasing the liability of the nonagreeing defendant(s)” (Stiles v Batavia Atomic Horseshoes, 174 AD2d 287, 292 [1992], revd on other grounds 81 NY2d 950 [1993]; see Maroon’s Home Prods. v Manufacturers & Traders Trust Co., 244 AD2d 882, 884 [1997]; Leon v Peppe Realty Corp., 190 AD2d 400, 413-414 [1993]). Notably, “[s]ecrecy is the essence” of what generally is regarded as an “essentially collusive” agreement (Leon v Peppe Realty Corp., 190 AD2d at 414 [internal quotation marks and citation omitted]). Here, the record is bereft of any evidence of an agreement between plaintiff and defendant to increase Paraco’s share of liability and, contrary to Paraco’s assertion, the underlying settlement between plaintiff and defendant— made in open court and with Paraco’s full knowledge — “lacks any of the indicia of collusion and secrecy that mark a disfavored ‘Mary Carter’ agreement” (Jamaica Pub. Serv. Co. v La Interamericana Compania De Seguros Generales, 262 AD2d 73, 74 [1999] [emphasis omitted]; see Maroon’s Home Prods. v Manufacturers & Traders Trust Co., 244 AD2d at 884). Accordingly, the settlement agreement itself is not a bar to defendant’s claim for contractual indemnification.
As to the issue of indemnification, the lease entered into between defendant and Paraco provided, in relevant part, that Paraco would “forever indemnify and save harmless [defendant] for and against any and all liability, penalties, damages, expenses and judgments arising from injury during said term to person or property of any nature, occasioned wholly or in part by any act or acts, omission or omissions of [Paraco], or of the employees, guests, agents, assigns or undertenants of [Paraco] and also for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto.” Defendant’s entitlement to contractual indemnification under this provision hinges upon (1) whether the underlying facts fall within the scope of the indemnification provision in the first instance, and (2) whether the provision violates General Obligations Law § 5-321.
With respect to the first inquiry, to the extent that Paraco argues that because plaintiff’s accident occurred in what defendant’s president acknowledged was a common area of the premises, i.e., a location for which defendant admittedly bore repair and maintenance responsibility under the terms of the lease, it necessarily follows that plaintiff’s accident does not fall within the scope of the indemnification provision, we disagree. Simply put, the indemnification clause does not require that the accident occur on or within the demised premises — only that the accident “grow[s] out of the occupation *1126 of the demised premises or of the streets, sidewalks or vaults adjacent thereto.” This “broadly drawn language” (Campisi v Gambar Food Corp., 130 AD3d 854, 855 [2015]) is— independent of plaintiff’s admission of some measure of culpability — sufficient to trigger application of the indemnification provision.
As to the enforceability of this provision, “General Obligations Law § 5-321 provides that an agreement to exempt a lessor from its own negligence is void and unenforceable. However, where, as here, the liability is to a third party, [the statute] does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm’s length between two sophisticated parties when coupled with an insurance procurement requirement. In such circumstances, the landlord is not exempting itself from liability to the victim for its own negligence. Rather, the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance, and the courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public” (Castano v Zee-Jay Realty Co., 55 AD3d 770, 772 [2008] [citations omitted], lv denied 12 NY3d 701 [2009]; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419 [2006]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161 [1977]; Campisi v Gambar Food Corp., 130 AD3d at 855-856; Bacon v 4042 Austin Blvd., LLC, 120 AD3d 727, 728 [2014]; K.L.M.N.I., Inc. v 483 Broadway Realty Corp., 117 AD3d 654, 655 [2014]). This analysis presupposes, however, that the required insurance actually is procured (see Port Parties, Ltd. v Merchandise Mart Props., Inc., 102 AD3d 539, 541 [2013]).
Here, there is no dispute that the indemnification provision embodied in the underlying lease was the product of an arm’s length negotiation between two sophisticated business entities. Indeed, Paraco’s counsel acknowledged this point at oral argument. There also is no question that defendant and Paraco executed a rider to the lease that, insofar as is relevant here, required defendant to carry public liability insurance on the parking and common areas and, further, required Paraco to carry public liability insurance on the demised premises and to name defendant as an additional insured in this regard. The record is silent, however, as to whether such insurance actually was procured. To the extent that Paraco complied with its obligations in this regard and obtained a policy of insurance naming defendant as an additional insured, the record also is silent as to the areas that actually were covered under the *1127 terms of that policy.* Under these circumstances, we cannot say that either defendant or Paraco demonstrated their entitlement to summary judgment relative to the indemnification issue and, therefore, neither party is entitled to such relief at this juncture. The parties’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., Garry, Rose and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant’s cross motion for summary judgment on the issue of indemnification; said cross motion denied; and, as so modified, affirmed.

 Although Paraco makes much of the fact that plaintiff’s fall occurred in a common area and that the rider to the lease only required Paraco to obtain insurance coverage for the demised premises, this argument begs the question as to what coverage Paraco actually obtained and, hence, the extent of the coverage actually available.