Lammon v Bayberry Sq., LLC (2021 NY Slip Op 06736)





Lammon v Bayberry Sq., LLC


2021 NY Slip Op 06736


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532265
[*1]Sara Lammon, Plaintiff,
v
Bayberry Square, LLC, Defendant and Third- Party Plaintiff-Respondent; Pet Spas of America, Inc., et al., Third-Party Defendants- Appellants.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Burke, Scolamiero & Hurd, LLP, Albany (Steven V. DeBraccio of counsel), for third-party defendants-appellants.
Law Offices of John Wallace, Albany (Murry S. Brower of counsel), for defendant and third-party plaintiff-respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered September 30, 2020 in Albany County, which, among other things, partially denied third-party defendants' motion for summary judgment dismissing the third-party complaint.
In November 2004, third-party defendant Tracy J. Muscatello, on behalf of third-party defendant Pet Spas of America, Inc., entered into a lease agreement with defendant to operate a boarding, day care and pet grooming facility. The lease agreement was later amended in August 2009 and July 2014 to extend the lease period. The facility had experienced repeated, severe flooding issues to the point that water would seep into the indoor area of the business, and, after Muscatello complained to Gael Coakley, defendant's owner, he personally worked to quickly redirect the water by digging a trench, which spanned the entire length of an outdoor, fenced-in area of the facility. In August 2014, while plaintiff was working as a kennel assistant, she was taking dogs outside in the fenced-in area when her right foot slipped into the trench that Coakley had dug. As a result, plaintiff broke two bones in her left foot.
Plaintiff later commenced this action against defendant alleging, among other things, that defendant's negligence and lack of care in creating, permitting and allowing a dangerous condition caused her injuries. Defendant answered the complaint and then commenced a third-party action against third-party defendants seeking contractual indemnification in accordance with the terms of the lease, in addition to asserting a common-law indemnity claim. Third-party defendants answered the third-party complaint and set forth various affirmative defenses and a counterclaim against defendant. Subsequently, third-party defendants moved for, among other relief, summary judgment dismissing the third-party complaint, which defendant opposed. As relevant to this appeal, Supreme Court denied that branch of third-party defendants' motion that sought summary judgment dismissing defendant's claim for contractual indemnification, finding that third-party defendants failed to meet their prima facie burden as to this claim and that, in any event, triable issues of fact were present concerning the applicability of the aforementioned lease provisions in relation to the area in which plaintiff was injured. Third-party defendants appeal.
Third-party defendants contend that Supreme Court erred in denying them summary judgment dismissing defendant's contractual indemnification cause of action. To begin, although "the right to contractual indemnification depends upon the specific language of the contract" (Allington v Templeton Found., 167 AD3d 1437, 1441 [2018] [internal quotation marks and citation omitted]), a party's entitlement to contractual indemnification also "hinges upon (1) whether the underlying facts fall within the scope of the indemnification provision in the first instance, and (2) whether the provision violates [*2]General Obligations Law § 5-321" (Reutzel v Hunter Yes, Inc., 135 AD3d 1123, 1125 [2016]; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419 [2006]). As relevant here, General Obligations Law § 5-321 provides that "[e]very covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his [or her] agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable." Notwithstanding, it is well settled that an indemnity agreement in a commercial lease negotiated at arm's length between two sophisticated parties, which includes a provision requiring the tenant to obtain insurance and name the landlord as an additional insured, does not run afoul of General Obligations Law § 5-321, even if the agreement results in the tenant indemnifying the landlord for the landlord's own negligence, as the insurance provision amounts to a permissible allocation of risk (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 418-419; Reutzel v Hunter Yes, Inc., 135 AD3d at 1126).
Turning to the merits, in support of their summary judgment motion, third-party defendants offered, among other things, the lease agreement between third-party defendants and defendant, various deposition transcripts and photographs of the area in which plaintiff was injured. Article 6 of the lease pertains to maintenance and repairs and generally sets out that it was the responsibility of third-party defendants to maintain the leased premises in "a good and clean order and condition," and that it was defendant's responsibility to do the same for common areas, as defined in Article 9 of the lease. Section 12.5 of the lease directly addresses indemnity between the parties. At his deposition, Coakley testified that it was defendant's responsibility to perform repairs or maintenance on the building and grounds, and that he attempted to immediately remedy the facility's flooding issues by diverting the water through a ditch that he himself had dug in the outdoor area.
We agree with Supreme Court that third-party defendants failed to demonstrate their prima facie entitlement to summary judgment for dismissal of defendant's contractual indemnification claim. To that end, the lease provides that defendant is responsible for maintaining and repairing the common areas of the property while third-party defendants are responsible for maintaining the demised premises, meaning the area of the property solely for their use. Although Coakley testified that defendant was responsible for repairs and maintenance outside of the building while third-party defendants were responsible for the inside of the space, given the deposition testimony, it appears [*3]that third-party defendants generally, exclusively controlled the outdoor, fenced-in area. Minimally, there are issues of fact as to the nature of the area in which plaintiff fell and, thus, whether her fall triggered the applicability of the indemnification clause in the lease (see Titus v Van Houter, 182 AD3d 755, 756-757 [2020]; Reutzel v Hunter Yes, Inc., 135 AD3d at 1126-1127; compare Luby v Rotterdam Sq., L.P., 47 AD3d 1053, 1055-1056 [2008]).
Additionally, to the extent that third-party defendants argue that the indemnification provision in the lease violates General Obligations Law § 5-321, as noted by Supreme Court, it does appear that the indemnification provision attempts to insulate defendant from its own negligence in contravention of General Obligations Law § 5-321 (see Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d 947, 949 [2017]; compare Spence v Merrick Cent., LLC, 188 AD3d 940, 941 [2020]). However, given that third-party defendants failed to demonstrate that the underlying facts fall outside the scope of the indemnification provision in the first instance, it is unnecessary to determine at this stage whether the lease was negotiated between two sophisticated parties such that General Obligations Law § 5-321 would not prohibit the negotiated indemnity (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 418-419; Reutzel v Hunter Yes, Inc., 135 AD3d at 1126). Moreover, there is insufficient evidence in the record to address the General Obligations Law argument given that third-party defendants, in a conclusory fashion, rely on only Muscatello's and Coakley's deposition testimonies, which do not even address whether either party was represented at the time that they entered into or negotiated the relative lease agreements. Accordingly, there is no basis upon which to disturb Supreme Court's decision.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.