Bessios v Regent Assoc., Inc. (2023 NY Slip Op 01583)

Bessios v Regent Assoc., Inc.

2023 NY Slip Op 01583

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 157108/18 Appeal No. 17069 Case No. 2022-02195 

[*1]Effie Bessios etc., Plaintiff-Respondent,
v
Regent Associates, Inc., et al., Defendants-Respondents-Appellants, The City of New York et al., Defendants, Seonmi Beauty Supply Corp., Defendant-Appellant-Respondent.
Regent Associates Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Seonmi Beauty Supply Corp., Third-Party Defendant-Appellant-Respondent.
St. Nicholas Partners L.P., Second Third-Party Plaintiff-Respondent,
v
Seonmi Beauty Supply Corp., Second Third-Party Defendant-Appellant-Respondent.

Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York (Allen Kohn of counsel), for appellant-respondent.
Smith Mazure PC, New York (Joel M. Simon of counsel), for Regent Associates, Inc., respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for St. Nicholas Partners, L.P., respondent-appellant.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 8, 2022, which, to the extent appealed from as limited by the briefs, conditionally granted defendant/third-party plaintiff Regent Associates, Inc.'s (Regent) motion for summary judgment on its cross claims for contractual indemnification against defendant/second third-party plaintiff St. Nicholas Partners L.P. (St. Nicholas) and defendant/third-party defendant/second third-party defendant Seonmi Beauty Supply Corp. (Seonmi), denied Seonmi's motion for summary judgment dismissing Regent's and St. Nicholas's cross claims for contractual indemnification against it, denied St. Nicholas's motion for summary judgment on its cross claim for contractual indemnification against Seonmi and for summary judgment dismissing Regent's cross claims for common-law indemnification and contribution and Seonmi's cross claims for common-law indemnification, contribution, contractual indemnification, and breach of contract against it, unanimously modified, on the law, to deny Regent summary judgment on its cross claim for contractual indemnification against Seonmi, grant Seonmi summary judgment dismissing Regent's and St. Nicholas's cross claims for contractual indemnification against it, and grant St. Nicholas summary judgment dismissing Regent's cross claims for common-law indemnification and contribution and Seonmi's cross claims for common-law indemnification, contribution, and contractual indemnification against it, and otherwise affirmed, without costs.
Plaintiff's decedent allegedly tripped on a raised sidewalk flag adjacent to the building located at 1439 West 182nd Street in New York County. The premises was owned by Regent, and leased to St. Nicholas pursuant to a net lease agreement (the master lease) effective July 1, 1994. St. Nicholas subleased the premises to defendant 1439 St. Nicholas Corp. (1439) pursuant to a sublease agreement (the sublease) dated June 15, 1995. By contract titled "Modification, Assignment and Assumption of Sublease" (the assignment agreement) dated January 31, 2003, 1439 assigned its rights under the sublease to Seonmi.
General Obligations Law § 5-321 states that "[e]very covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."
The Court of Appeals, in Hogeland v Sibley, Lindsay & Curr Co. (42 NY2d 153 [1977]) and Great N. Ins. Co. v Interior Constr. Corp. (7 NY3d 412 [2006]), established an exception to General Obligations Law § 5-321. Parties to a lease agreement may execute a provision requiring the tenant to indemnify the landlord from [*2]the landlord's own negligence. However, the lease must also contain an insurance provision "allocating the risk of liability to third parties" because "[c]ourts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public" (Hogeland, 42 NY2d at 161). Accordingly, the Court of Appeals reasoned that when an indemnity clause is coupled with an insurance procurement provision, a tenant is obligated to indemnify the landlord for its share of liability, and such agreement does not exempt the landlord from liability to the plaintiff, but allocates the risk to a third party through insurance (id.; see also Great N. Ins. Co., 7 NY3d at 415). Insurance procured by the tenant in satisfaction of the indemnity clause provides the injured plaintiff with adequate recourse for the damages suffered (Great N. Ins. Co., 7 NY3d at 419).
The court should have denied Regent summary judgment on its contractual indemnification cross claim against Seonmi, and granted Seonmi summary judgment dismissing the claim. Article 13 of the master lease requires Regent to be indemnified for all claims "provided however that the same shall not arise from the willful acts of Landlord during the term of this Lease." On its face, we find that this provision violates General Obligations Law § 5-321.
As to the parties' obligations to procure insurance, the sublease states that the "provisions of the Over-Lease applying to the Overtenant [St. Nicholas] are binding on [] the Undertenant [1439]," except as stated in Rider A. Sublease Rider A, section 18(E), modifies the insurance provision, article 12 of the master lease, stating in relevant part, that "[w]ith respect to subparagraphs 12.1.1 and 12.1.3 [of the master lease], Undertenant agrees that the insurance coverages referred to shall be purchased with respect to the entire premises . . . and that either Overtenant or Landlord [Regent] shall, until further notice to Undertenant, and at their sole option, procure such coverages." The sublease, which was assumed by Seonmi pursuant to the assignment agreement, fails to definitively allocate financial responsibility through the use of insurance in a manner adequate to "afford protection to the public" (Hogeland, 42 NY2d at 161). Although the provision states that either the Overtenant or the Landlord "shall" procure insurance, there is no time frame set to procure such coverage ("until further notice") and there is no definitiveness as to who will procure the coverage ("at their sole option"). In fact, there is no evidence in the record that insurance was purchased by either Regent or St. Nicholas on behalf of Seonmi. Accordingly, we find that the indemnification provision, which requires Seonmi to indemnify Regent, without the commensurate protection afforded by insurance coverage, is void and unenforceable under General Obligations Law § 5-321 (see Port Parties, Ltd. v Merchandise Mart Props., Inc., 102 AD3d [*3]539, 541 [1st Dept 2013]). We also reject Regent's argument that section 18(E) pertains only to the property insurance requirement contained in master lease section 12.1.1 (and not the general liability insurance requirement in 12.1.3). The section refers to "coverages" in general and without limitation.
For the reason stated above, Supreme Court should have also granted Seonmi summary judgment dismissing St. Nicholas's cross claim for contractual indemnification. The indemnification provision in the assignment agreement expressly requires Seonmi to indemnify St. Nicholas for "any legal actions, damages and expenses" without exception as to St Nicholas's negligence (cf. Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463-464 [1st Dept 2014]). Accordingly, St. Nicholas's cross claim for contractual indemnification against Seonmi should be dismissed, as the applicable provision is void and unenforceable for failure to allocate risk to a third party through insurance.
The court properly granted Regent summary judgment on its cross claim for contractual indemnification against St. Nicholas. St. Nicholas's argument that its dissolution operated to discharge its obligations under the master lease is without merit since the master lease did not provide for such a discharge and, moreover, the sublease does not contain Regent's approval (see generally Matter of Goldberg v Harwood, 216 AD2d 152 [1st Dept 1995], affd 88 NY2d 911 [1996]). Accordingly, St. Nicholas remains bound by the terms of the master lease. St. Nicholas's further contention that its indemnification obligation in the master lease is void and unenforceable under General Obligations Law § 5-321 is improperly raised for the first time on appeal (see e.g. LaSalle Bank Natl. Assn. v Nomura Asset Capital Corp., 14 AD3d 366, 367 [1st Dept 2005]; Frank v City of New York, 211 AD2d 478, 479 [1st Dept 1995]).
Similarly, Regent is not entitled to an award of attorneys' fees from this Court, since Regent did not seek such relief below (see LaSalle Bank, 14 AD3d at 367).
Finally, St. Nicholas should have been granted summary judgment dismissing Seonmi's contractual indemnification claim against it, as none of the agreements require St. Nicholas to indemnify Seonmi. Regent and Seonmi's cross claims for common-law indemnification and contribution against St. Nicholas should also have been dismissed in light of Supreme Court's finding, uncontested on appeal, that there is no basis to hold St. Nicholas directly liable to plaintiff (see Ramirez v Almah, LLC, 169 AD3d 508, 509-
510 [1st Dept 2019]; Wilk v Columbia Univ., 150 AD3d 502, 503-504 [1st Dept 2017]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023