| |
|---|
| **Monarch Condominium v Bloom and Streit, CPAs, LLP** |
| 2025 NY Slip Op 32146(U) |
| June 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653047/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                 PART             11M

*Justice*

-------------------------------------------------------------------------------X

THE MONARCH CONDOMINIUM, THE BOARD OF
MANAGERS OF THE MONARCH CONDOMINIUM,

                            Plaintiff,

                  - v -

BLOOM AND STREIT, CERTIFIED PUBLIC
ACCOUNTANTS, LIMITED LIABILITY PARTNERSHIP,

                            Defendant.

-------------------------------------------------------------------------------X

BLOOM AND STREIT, CERTIFIED PUBLIC ACCOUNTANTS,
LIMITED LIABILITY PARTNERSHIP

                            Plaintiff,

                  -against-

LASALA MANAGEMENT, INC.

                            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653047/2023 |
| MOTION DATE | 12/12/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  596096/2024

The following e-filed documents, listed by NYSCEF document number (Motion 002) 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for                          DISMISS                          .

The third-party action arises out of allegations that defendant/third-parry plaintiff Bloom and Streit Certified Public Accountants, Limited Liability Company ("Bloom and Streit") wis owed common law indemnification and/or contribution from third-party defendant if plaintiff in the main action recovers against defendant/third-party plaintiff[1].  Third-party defendant, LaSala Management Inc. ("LaSala"), moves to dismiss the third-party complaint pursuant to CPLR §§

---

[1] The Court would like to thank Matthew Wisniewski, for his assistance in this matter.

[* 1]

3211(a)(1), (5), and (7). Third-party plaintiff opposes the instant motion, plaintiff does not take a position. For the reasons set forth below, the motion to dismiss is granted.

Facts

LaSala was the property management company for plaintiff, Monarch Condominium ("Condominium"), for over 30 years. The Condominium hired an external auditor, defendant/third-party plaintiff Bloom and Streit, to ensure that the management team was complying with New York Labor Law. LaSala provided financial data and supporting documentation as requested by Bloom and Streit. Bloom and Streit examined the finances of the Condominium and issued a report on its findings.

In the first party action, the Condominium is seeking damages arising from a settlement in a federal court wage/per hour action under FLSA and other statutes. *Preldakaj v The Monarch Condominium and LaSala Management, Inc.*, bearing U.S.D.C., SDNY Case No. 20-cv-09433. LaSala and the Condominium were defendants in the class action lawsuit. The case settled, and a mutual general release was signed between the Condominium and LaSala at some point between June 8 and June 12, 2023. *See* NYSCEF Doc. 53. The release involved a $10 settlement to be paid from LaSala to the Condominium. *Id.* In the release, LaSala agreed to cooperate in the management transition until January 3, 2024. *Id.* LaSala also agreed to reasonably cooperate and assist the Condominium in any litigation with Bloom and Streit. *Id.* LaSala was not required to incur any expenses or costs in connection with the cooperation in litigation. *Id.*

Soon after the release was executed, the Condominium filed the instant action on June 26, 2023, against Bloom and Streit for damages arising from the *Preldakaj* settlement. Plaintiff alleges that Bloom and Streit was negligent in its performance of the audit, causing the over one-million-dollar settlement in *Preldakaj*. Bloom and Streit has impleaded LaSala for common law

indemnification, alleging that the settlement which LaSala and the Condominium entered into was made in bad-faith and involved collusion.

## Standard of Review

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id*.

Notwithstanding the broad pleading standard, a plaintiff's bald legal conclusions, unsupported by factual specificity, will not withstand a motion to dismiss. S*ee Godfrey v Spano*, 13 NY3d 358, 373[2009]. "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

CPLR § 3211(a)(1) allows for dismissal of a complaint if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v Martinez,* 84 NY2d 83, 88 [1994]. "[S]uch motion may be appropriately

granted only where the documentary evidence *utterly refutes* plaintiff's factual allegations." *Goshen v Mut. Life Ins. Co.*, 98 NY2d 314, 326 [2002] (emphasis added).

A paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable". *VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]. "[T]he documentary evidence, i.e., the *affidavits* and *emails* of North Shore and Inter-Reco personnel, do not qualify as 'documentary evidence" for purposes of CPLR 3211 (a) (1)." *United States Fire Ins. Co. v. North Shore Risk Mgt.*, 114 AD3d 408, 409 [1st Dept 2014].

CPLR § 3211 (a)(5), provides in relevant part that an "action may not be maintained because of […] a release".

### Discussion

The third-party complaint asserts one cause of action against LaSala, however alleges two theories. The first, for contribution and the second is common law indemnification.

In support of its motion, LeSala argues that there can be no contribution or indemnification based on the allegations in the complaint allege that Bloom and Streit was negligent in performing its auditing work.

The documentary evidence relied on by LeSala is the general release between it and the Condominium. LeSala contends the General Obligations Law §15-108 precludes Bloom and Streit's claim for contribution against LaSala Management. General Obligations Law §15-108(a) provides, in relevant part, that a release given in good faith by an injured person to one tortfeasor relieves him from liability to any other person for contribution. LaSala argues that the release serves as bar to the third-party complaint in the instant action.

"Common-law indemnification is generally available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 375 [2011] internal quotations and citations omitted). The facts here do not support common-law indemnification. The action arises out of the alleged negligence of Bloom and Streit, not on the negligence of a subcontractor of Bloom and Streit, as it is undisputed that LeSala and Bloom and Streit did not have a contractual relationship, therefore Bloom and Streit cannot be held vicariously liable for any alleged negligence of LeSala. Moreover, the first party complaint does not allege Bloom and Streit is negligent based on conduct by LeSala, solely its own conduct, specifically its auditing services. Although Bloom and Streit attempt to argue that its negligence was caused by inaccurate or incomplete documents submitted by LeSala, this allegation does not support a common-law indemnification cause of action.

As to the release, Bloom and Streit, asserts that questions of fact exist as to whether the release was given in good faith. Specifically, Bloom and Streit contend that the release at issue constitutes a "Mary Carter Agreement", which is "a contract by which one or more [of the] defendants in a multiparty case secretly conspires with the plaintiff to feign an active role in the litigation in exchange for assurances that its own liability will be diminished proportionately by increasing the liability of the nonagreeing defendant(s)". *Reutzel v. Hunter Yes, Inc.*, 135 AD3d 1123, 1124-1125, [3d Dept 2016].

Preliminarily, the Court notes that LeSala is not a direct defendant in this litigation, thus the element of the "Mary Carter Agreement" that requires the defendant to "feign an active role in the litigation" is not met. Further, it is undisputed that plaintiff informed defendant of the release, thus eliminating the element of a secret conspiracy. The Court finds that Bloom and

**653047/2023 Motion No. 002**

**Page 5 of 6**

Streit is not prohibited from arguing against the empty chair for contribution, however that does not require or entitle it to any of the relief sough in the third-party complaint. Accordingly, it is hereby

ORDCERED and ADJUDGED that the third-party complaint is dismissed in its entirety; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20250616163431LFRANK0D3E473C1FF24C3C9CB991E0EB90CC5D

| 6/16/2025 | | | |
|---|---|---|---|
| **DATE** | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]