In an action to recover damages for personal injuries, etc., the defendant Montauk Properties, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated June 12, 2013, as denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendant Gambar Food Corp.
*855 Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendant Montauk Properties, LLC, which was for summary judgment on its cross claim for contractual indemnification against the defendant Gambar Pood Corp. is granted.
The plaintiff Pauline Campisi (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on a defective sidewalk near the entrance of a supermarket operated by the defendant Gambar Food Corp. (hereinafter Gambar Food). The injured plaintiff claims that the accident occurred as she was attempting to enter the supermarket, which is located in a shopping center owned by the defendant Montauk Properties, LLC (hereinafter Montauk Properties). The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries against Gambar Food and Montauk Properties. Thereafter, Montauk Properties moved, inter alia, for summary judgment on its cross claim for contractual indemnification against Gambar Food. The Supreme Court, among other things, denied that branch of the motion.
A party’s right to contractual indemnification depends upon the specific language of the relevant contract (see Desena v North Shore Hebrew Academy, 119 AD3d 631, 636 [2014]; Roldan v New York Univ., 81 AD3d 625, 628 [2011]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). Here, Montauk Properties established its prima facie entitlement to judgment as a matter of law on its cross claim for contractual indemnification against Gambar Food. The lease between Montauk Properties and Gambar Food requires Gambar Food to indemnify Montauk Properties “for any matter or thing growing out of the occupation of the demised premises or of the streets, sidewalks or vaults adjacent thereto.” The plaintiff’s accident falls within the scope of this indemnification provision (see DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 802 [2013]), which, under its broadly drawn language, obligates Gambar Food to indemnify Montauk Properties for its own negligence. Although General Obligations Law § 5-321 provides that an agreement that purports to exempt a lessor from its own negligence is void and unenforceable, the subject indemnification provision is not rendered unenforceable by this statute. “[W]here, as here, the liability is to a third party, General *856 Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm’s length between two sophisticated parties when coupled with an insurance procurement requirement” (Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556 [2014] [internal quotation marks omitted]; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419 [2006]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161 [1977]; Bacon v 4042 Austin Blvd., LLC, 120 AD3d 727, 728 [2014]).
Since Gambar Food did not submit any opposition to Montauk Properties’ motion and prima facie showing, the Supreme Court should have granted that branch of Montauk Properties’ motion which was for summary judgment on its cross claim for contractual indemnification against Gambar Food. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.