■ THOMAS BARRETTA, Respondent, v GLEN COVE PROPERTY, LLC, Appellant. [50 NYS3d 520]—

Appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 8, 2014. The order denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he was injured while working at a catering hall and hotel owned by the defendant. According to the plaintiff, the incident occurred when the plaintiff was at-

tempting to move a table, and the table became "caught" in a defective area of carpeting. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.

"A landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003] [internal quotation marks and brackets omitted]; *see Witkowski v Island Trees Pub. Lib.*, 125 AD3d 768, 769 [2015]). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed, and that the defendant landowner affirmatively created the condition or had actual or constructive notice of its existence (*see Zamor v Dirtbusters Laundromat, Inc.*, 138 AD3d 1114 [2016]; *Witkowski v Island Trees Pub. Lib.*, 125 AD3d at 769; *Ingram v Costco Wholesale Corp.*, 117 AD3d 685 [2014]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]).

Here, the defendant did not eliminate all triable issues of fact as to whether it had actual notice of the alleged defective condition (*see McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2011]; *Warfield v Shan Assoc. of Syosset, LLC*, 69 AD3d 708 [2010]; *Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602, 603 [2006]). Additionally, the defendant failed to eliminate all triable issues of fact as to whether it had constructive notice of the alleged defective condition (*see Calabro v Harbour at Blue Point Home Owners Assn., Inc.*, 120 AD3d 462, 463 [2014]; *Lawrence v Celtic Holdings, LLC*, 85 AD3d 874 [2011]; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, and its motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.