In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated January 19, 2016, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff Elizabeth Lipani alleges that she sustained injuries when she tripped and fell over a rolled up mat while exiting the defendant Hiawatha Elementary School, after voting at the school during a power failure. Lipani, and her husband suing derivatively, commenced this action against the defendants. The Supreme Court denied the defendants’ motion for summary judgment dismissing the complaint, and the defendants appeal.
 

 We reject the defendants’ contention that so much of the complaint as was premised upon inadequate lighting should have been summarily dismissed on the ground that it was not included in the notice of claim. A plaintiff seeking to recover in tort against a municipality must serve a notice of claim to enable authorities to investigate, collect evidence and evaluate the merits of the claim (see Brown v City of New York, 95 NY2d 389, 392 [2000]). A notice of claim must set forth, inter alia, the nature of the claim, -and the time, place, and manner in which the claim arose (see General Municipal Law § 50-e [2]). The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the municipality to investigate the claim (see Rosenbaum v City of New York, 8 NY3d 1, 10 [2006]; Brown v City of New York, 95 NY2d at 393).
 

 Here, the plaintiffs’ notice of claim, which set forth, inter alia, that at approximately 7:00 p.m. on November 6, 2012, Lipani was “caused to fall as a result of a rolled up mat” which was positioned several feet in front of the door inside Hiawatha Elementary School, included information which was sufficient to enable the defendants to investigate the claim.
 

 In any event, in passing on the sufficiency of a notice of claim, a court is not limited to the notice of claim itself (see D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893 [1994]). “[A] mistake, omission, irregularity or defect made in good faith . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby” (General Municipal Law § 50-e [6]; see D’Alessandro v New York City Tr. Auth., 83 NY2d at 893). In making a determination of prejudice, “the court may look to evidence adduced at a section 50-h hearing, and to such other evidence as is properly before the court” (D'Alessandro v New York City Tr. Auth., 83 NY2d at 893).
 

 Here, testimony at the hearing held pursuant to General Municipal Law § 50-h, which established the lighting conditions at the time and place of Lipani’s accident, supplemented the notice of claim and provided the defendants with additional information regarding the manner in which the claim arose (see Luke v Metropolitan Transp. Auth., 82 AD3d 1055, 1056-1057 [2011]; Summit at Pomona, Ltd. v Village of Pomona, 72 AD3d 797, 799 [2010]; Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044-1045 [2007]). Moreover, an incident report prepared by the defendants’ employee shortly after Lipani’s accident noted that the area where she fell was dark due to a power loss at the building. Contrary to the defendants’ contention, the plaintiffs’ bill of particulars, which alleged, inter alia, that the occurrence and resulting injury were caused by the defendants’ negligence in “placing a rolled up mat in the walkway in a poorly lit area in front of the exit from the school” did not substantially alter the nature of the plaintiffs’ claim.
 

 A landowner has a duty to maintain the property “in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk” (Basso v Miller, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Behrens v North Merrick Fruits, Inc., 148 AD3d 972, 973 [2017]). “In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence” (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560 [2005]; see Barretta v Glen Cove Prop., LLC, 148 AD3d 1100, 1101 [2017]; Behrens v North Merrick Fruits, Inc., 148 AD3d at 973). A defendant has constructive notice of a defect when the defect is visible and apparent and has existed for a sufficient length of time prior to the accident to permit the defendant’s employees to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Rubin v Cryder House, 39 AD3d 840, 840 [2007]). In moving for summary judgment, a defendant property owner has the initial burden of making a prima facie showing that it neither created an allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Behrens v North Merrick Fruits, Inc., 148 AD3d at 973; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655, 656 [2009]).
 

 Here, the defendants failed to eliminate all triable issues of fact as to whether there was a dangerous or defective condition in the area in which Lipani fell and, if so, as to whether they created or had actual or constructive notice of that alleged dangerous or defective condition (see Barretta v Glen Cove Prop., 148 AD3d at 1101; Reydman v Paradise II Resorts, Inc., 123 AD3d 789, 789-790 [2014]; Gestetner v Teitelbaum, 52 AD3d 778, 778 [2008]). Contrary to the defendants’ contention, the power outage did not relieve them of their duty to address the allegedly dangerous condition created by the loss of power which may have obscured the mat from view (see Solan v Great Neck Union Free School Dist., 43 AD3d 1035, 1037 [2007]). Moreover, the defendants failed to establish, prima facie, their entitlement to summary judgment on the ground that the rolled up mat was open and obvious, and not inherently dangerous as a matter of law (see Stoppeli v Yacenda, 78 AD3d 815, 816 [2010]).
 

 Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]).
 

 Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.