I. T. K. v Nassau Boces Educ. Found., Inc. (2019 NY Slip Op 08557)





I. T. K. v Nassau Boces Educ. Found., Inc.


2019 NY Slip Op 08557


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-02937
 (Index No. 605685/16)

[*1]I. T. K., etc., plaintiff-respondent, 
v
Nassau Boces Educational Foundation, Inc., defendant- respondent, North Shore Central School District, appellant, et al., defendants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Dell & Dean, PLLC, Garden City, NY (Michael D. Schultz and Jay Massaro of counsel), for plaintiff-respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant North Shore Central School District appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered April 6, 2017. The order, insofar as appealed from, denied the motion of the defendant North Shore Central School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant North Shore Central School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff was a special education student in the defendant North Shore Central School District (hereinafter North Shore). In 2015, she enrolled in Iris Wolfson High School through the defendant Nassau Boces Educational Foundation, Inc. In May 2015, the plaintiff allegedly was sexually assaulted by a fellow student in the bathroom at Iris Wolfson High School. The plaintiff, by her mother, served a notice of claim on North Shore, among others, alleging negligent supervision. The plaintiff, by her mother, subsequently commenced this action to recover damages for personal injuries. North Shore moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied North Shore's motion, and North Shore appeals. We reverse.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Williams v Student Bus Co., Inc., 170 AD3d 1085, 1086 [internal quotation marks omitted]). "A school's duty to supervise the students in its charge arises from its physical custody over them" (id. at 1086). Here, North Shore demonstrated, prima facie, that it could not be held [*2]liable for negligent supervision. The evidence submitted by North Shore established that it was not affiliated with Iris Wolfson High School and that the plaintiff was not in North Shore's physical custody when she allegedly was sexually assaulted (see id.). In response to this prima facie showing, the plaintiff conceded that she was not in North Shore's physical custody at the time of the incident.
To the extent that the plaintiff argues on appeal that North Shore's "responsibility to formulate and implement" an Individualized Education Program (hereinafter IEP) brought her within its "orbit of authority," and, in effect, under its supervision, her contention is without merit (Begley v City of New York, 111 AD3d 5, 26 [internal quotation marks omitted]; see Ferraro v North Babylon Union Free School Dist., 69 AD3d 559).
"A plaintiff seeking to recover in tort against a municipality must serve a notice of claim to enable authorities to investigate, collect evidence and evaluate the merits of the claim" (Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248). "A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (id. at 1248). "[A] mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by [General Municipal Law § 50-e], not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby" (General Municipal Law § 50-e[6]). Under General Municipal Law § 50-e(6), "[a] notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 743 [internal quotation marks omitted]).
We agree with North Shore that the plaintiff may not proceed under the theory that North Shore negligently failed to formulate an appropriate IEP for her, as the plaintiff did not include this theory in her notice of claim. Although North Shore did not raise this argument before the Supreme Court, we may consider it because "it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture" (Brunache v MV Transp., Inc., 151 AD3d 1011, 1013). In her notice of claim, the only theory of liability that the plaintiff asserted was negligent supervision. In opposition to North Shore's motion for summary judgment, the plaintiff contended for the first time that North Shore had negligently failed to formulate an appropriate IEP for her. This was not a technical change, but was an impermissible substantive change to the theory of liability (see Matter of Johnson v County of Suffolk, 167 AD3d at 743). Further, there is no indication that the plaintiff sought leave to amend her notice of claim, and in any event, such a "request would have been futile since § 50-e(6) allows good-faith, nonprejudicial technical changes, but not substantive changes in the theory of liability" (Semprini v Village of Southampton, 48 AD3d 543, 545).
In light of our determination, we need not reach North Shore's remaining contention.
Accordingly, the Supreme Court should have granted North Shore's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court