Spence v Merrick Cent., LLC (2020 NY Slip Op 06569)





Spence v Merrick Cent., LLC


2020 NY Slip Op 06569


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-00582
 (Index No. 710802/15)

[*1]Marjorie Spence, plaintiff-respondent,
v
Merrick Central, LLC, et al., defendants-respondents, Balinder Case, etc., appellant.


Jeffrey Kim, P.C. (Litchfield Cavo LLP, New York, NY [Sean H. Chung], of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Ann Jen of counsel), for plaintiff-respondent.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Balinder Case appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered December 19, 2018. The order, insofar as appealed from, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendants Merrick Central, LLC, and MRA Enterprises, LLC, which was for summary judgment on their cross claim for contractual indemnification against Balinder Case.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly tripped and fell on the sidewalk abutting the front of commercial property. The premises were owned by the defendant Merrick Central, LLC, and leased to the defendant Balinder Case, doing business as Hair Definition (hereinafter Hair Definition). Thereafter, the plaintiff commenced the instant action to recover damages for personal injuries against Merrick Central, LLC, and the defendant MRA Enterprises, LLC (hereinafter together the Merrick defendants), and Hair Definition, alleging, inter alia, that the defendants were negligent in maintaining the subject sidewalk. Following discovery, the Merrick defendants moved, inter alia, for summary judgment on their cross claim against Hair Definition for contractual indemnification, and Hair Definition cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted that branch of the Merrick defendants' motion which was for summary judgment on their cross claim against Hair Definition for contractual indemnification and denied the cross motion of Hair Definition. Hair Definition appeals from so much of the order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the Merrick defendants' motion which was for summary judgment on their cross claim against it for contractual indemnification.
We agree with the Supreme Court's determination that the plaintiff's accident fell within the scope of the indemnification provision at issue in the subject lease (see Campisi v Gambar Food Corp., 130 AD3d 854, 855-856). Additionally, contrary to Hair Definition's contention, the indemnification provision is not unenforceable pursuant to General Obligations Law § 5-321.
Where, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement allocating the risk of liability between themselves (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161; Campisi v Gambar Food Corp., 130 AD3d at 855-856).
The remaining contentions of Hair Definition are either not properly before this Court or without merit.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court