Congero v City of Glen Cove (2021 NY Slip Op 02131)





Congero v City of Glen Cove


2021 NY Slip Op 02131


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-02026
 (Index No. 8587/15)

[*1]Jeanean Congero, et al., respondents,
v
City of Glen Cove, appellant.


Sokoloff Stern LLP, Carle Place, NY (Steven C. Stern, Kiera J. Meehan, and Stuart Diamond of counsel), for appellant.
The Selvin Law Firm, PLLC, Seaford, NY (Sabrina Taub and Louis A. Badolato of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered January 11, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend the notice of claim.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and the plaintiffs' cross motion for leave to amend the notice of claim is denied.
The plaintiff Jeanean Congero allegedly slipped on ice on the third level of a municipal parking garage owned by the defendant, City of Glen Clove. She and her husband, the plaintiff Cary Congero, served a notice of claim upon the defendant alleging that it negligently allowed the ice to form by failing to maintain a drainage pipe. They did not allege any affirmative negligence on the defendant's part. The plaintiffs subsequently commenced this personal injury action against the defendant by summons and complaint dated September 9, 2015. The complaint reiterated the allegations made in the notice of claim.
The defendant moved for summary judgment dismissing the complaint on the ground that it lacked prior written notice of the alleged dangerous condition. The plaintiffs opposed the motion and cross-moved pursuant to General Municipal Law § 50-e(6) for leave to amend the notice of claim. In relevant part, the plaintiffs sought to add allegations that the defendant created the icy condition at issue. In an order entered January 11, 2018, the Supreme Court denied the defendant's motion and granted the plaintiffs' cross motion. The defendant appeals. We reverse.
The Supreme Court should have denied the plaintiffs' cross motion for leave to amend the notice of claim. "'A plaintiff seeking to recover in tort against a municipality must serve a notice of claim to enable authorities to investigate, collect evidence and evaluate the merits of the claim'" (I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 963, quoting Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248). "'A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose'" (I.T.K. v Nassau Boces [*2]Educ. Found., Inc., 177 AD3d at 963, quoting Lipani v Hiawatha Elementary Sch., 153 AD3d at 1248). "Under General Municipal Law § 50-e(6), '[a] notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability'" (I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d at 963, quoting Matter of Johnson v County of Suffolk, 167 AD3d 742, 743; see General Municipal Law § 50-e[6]). Here, contrary to the court's determination, the proposed amendment to the notice of claim was not to correct a technical mistake, defect, or omission within the meaning of General Municipal Law § 50-e(6), but rather, improperly sought "to assert a new theory of affirmative negligence several years after the . . . applicable limitations period" (Burton v Village of Greenport, 162 AD3d 968, 970; see Aleksandrova v City of New York, 151 AD3d 427, 428; Semprini v Village of Southampton, 48 AD3d 543, 545).
The Supreme Court also should have granted the defendant's motion for summary judgment dismissing the complaint. "Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474). Contrary to the plaintiffs' contention, the requirement in the defendant's Charter "that there be prior written notice of a defect in a parking garage in order to maintain an action against the [defendant] complies with General Municipal Law § 50-e(4)" (Peters v City of White Plains, 58 AD3d 824, 825; see Walker v Incorporated Vil. of Freeport, 52 AD3d 697), and it applies to the icy condition here (see Glen Cove City Charter § C4-4[B]; Medugno v City of Glen Cove, 279 AD2d 510, 511-512).
The defendant satisfied its prima facie burden by establishing that it did not have prior written notice of the icy condition or the alleged defective drainage pipe on the third level of the garage (see Brower v County of Suffolk, 185 AD3d 774, 776). The defendant also established that the notice of claim failed to allege that any exception to the prior written notice rule applied here (see Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959). The plaintiffs' evidence in opposition concerning its improper assertion of the affirmative negligence exception to the prior written notice rule (see Methal v City of New York, 116 AD3d 743, 744) failed to raise a triable issue of fact (see K.B. v City of New York, 166 AD3d 744, 745-746). The defendant was therefore entitled to summary judgment dismissing the complaint (see O'Connor v Huntington U.F.S.D., 87 AD3d 571, 571-572).
The parties' remaining contentions have been rendered academic in light of our determination.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court