Montes v McDowell (2023 NY Slip Op 03344)

Montes v McDowell

2023 NY Slip Op 03344

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-00408
 (Index No. 11865/15)

[*1]Jose Montes, plaintiff, 
v
James McDowell, etc., defendant third-party plaintiff-respondent, et al., defendants; Pequena Restaurant, third-party defendant-appellant, et al., third-party defendant.

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (Angelo J. Bongiorno of counsel), for third-party defendant-appellant.
Wade Clark Mulcahy, New York, NY (Paul W. Vitale of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant Pequena Restaurant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 29, 2020. The order, insofar as appealed from, denied that branch of that third-party defendant's cross-motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of the third-party defendant Pequena Restaurant which was for summary judgment dismissing the third-party cause of action to recover damages for breach of contract to procure insurance insofar as asserted against it, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
While working at Pequena Restaurant (hereinafter Pequena), the plaintiff allegedly sustained injuries when he fell down an exterior staircase leading to the basement of the building. Pequena had leased the subject premises from the owner, James McDowell.
The plaintiff subsequently commenced this personal injury action against McDowell, among others. McDowell commenced a third-party action against, among others, Pequena, seeking, among other things, contractual indemnification and to recover damages for breach of contract to procure insurance. After joining issue, Pequena cross-moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. In an order dated May 29, 2020, the Supreme Court, among other things, denied that branch of Pequena's cross-motion. Pequena appeals.
The Supreme Court properly denied that branch of Pequena's cross-motion which was for summary judgment dismissing the third-party cause of action seeking contractual indemnification [*2]insofar as asserted against it. Contrary to Pequena's contention, the indemnification provision in the subject lease is not unenforceable pursuant to General Obligations Law § 5-321. "Where, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement allocating the risk of liability between themselves" (Spence v Merrick Cent., LLC, 188 AD3d 940, 941; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419; Campisi v Gambar Food Corp., 130 AD3d 854, 855-856; Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556).
However, the Supreme Court erred in denying that branch of Pequena's cross-motion which was for summary judgment dismissing the third-party cause of action to recover damages for breach of contract to procure insurance insofar as asserted against it. Pequena established its prima facie entitlement to judgment as a matter of law dismissing that third-party cause of action by demonstrating that it had procured the specific coverage required under the relevant provisions of the subject lease (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1098). In opposition, McDowell failed to raise a triable issue of fact (see id. at 1098).
Pequena's remaining contention is without merit.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court