Banschick v City of Long Beach (2023 NY Slip Op 04356)

Banschick v City of Long Beach

2023 NY Slip Op 04356

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-00146
 (Index No. 607441/18)

[*1]Ruth Banschick, etc., appellant,
v
City of Long Beach, etc., respondent, et al., defendant.

Slavin & Slavin (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Dennis Cohen, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered December 4, 2019. The order granted the motion of the defendant City of Long Beach for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, Ruth Banschick, and her husband suing derivatively, commenced this action against the defendant City of Long Beach (hereinafter the defendant), and another, to recover damages for personal injuries and loss of consortium the plaintiff and her husband alleged arose out of the plaintiff's slip and fall in March 2017 on ice in a parking garage owned by the defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered December 4, 2019, the Supreme Court granted the motion. The plaintiff and her husband appealed. During the pendency of the appeal, the plaintiff's husband died, and the plaintiff, as the administrator of his estate, was substituted for him.
"A plaintiff seeking to recover in tort against a municipality must serve a notice of claim to enable authorities to investigate, collect evidence and evaluate the merits of the claim" (Congero v City of Glen Cove, 193 AD3d 679, 680 [internal quotation marks omitted]). "A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (id. [internal quotation marks omitted]).
Where, as here, "a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Belluck v Town of N. Hempstead, 193 AD3d 669, 670 [internal quotation marks omitted]; see Long Beach Charter § 256A[2]). "There are two exceptions to the prior written notice requirement: where an affirmative act of negligence by the municipality creates the defect; or where a special use of the property confers a special benefit upon [*2]the municipality" (D.D. v Incorporated Vil. of Freeport, 186 AD3d 795, 796).
Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by providing an affidavit of its Deputy Commissioner of Public Works indicating that he had conducted a records search and found no prior written notice of the ice condition alleged by the plaintiff (see Belluck v Town of N. Hempstead, 193 AD3d at 670; D.D. v Incorporated Vil. of Freeport, 186 AD3d at 796). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court