Jacobowitz v City of New York (2023 NY Slip Op 06729)

Jacobowitz v City of New York

2023 NY Slip Op 06729

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-05537
 (Index No. 7432/12)

[*1]Mark Jacobowitz, appellant, 
v
City of New York, respondent.

James Cammarata, Oyster Bay, NY (Patricia Rooney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Eric Lee, and Janet L. Zaleon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated February 27, 2020. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 27, 2011, the plaintiff was operating a motorcycle on a public street in the City of New York, when the motorcycle's front wheel entered a pothole, and the plaintiff lost control and fell, sustaining injuries. In 2011, the plaintiff filed a notice of claim, alleging that the plaintiff "struck a pot hole" and was "ejected from the vehicle." The notice of claim did not identify a theory of liability. The complaint alleged that the plaintiff's injuries were caused by the City's negligence in allowing the pothole to develop and in failing to repair it. In his bill of particulars, the plaintiff, alleged, in addition to the claim that the City failed to repair the pothole, for the first time, that the City was negligent in "creating . . . a trap like condition" (emphasis added).
In August 2019, after the note of issue was filed, the City moved, inter alia, for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the defective condition of the street. In opposition, the plaintiff argued that the City had created a dangerous condition that satisfied the affirmative negligence exception to the prior written notice requirement of the Pothole Law (see Administrative Code of City of New York § 7-201[c][2]). In an order dated February 27, 2020, the Supreme Court determined that the City did not have prior written notice of the pothole and that the plaintiff failed to raise a triable issue of fact as to whether the affirmative negligence exception applied. Accordingly, the court granted that branch of the City's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
We affirm the grant of summary judgment, but on different grounds (see Bank of N.Y. Mellon v Greene, 210 AD3d 1042, 1043; Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703, 704). "Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Congero v City of Glen Cove, 193 AD3d 679, 681; see Smith v City of New York, 210 AD3d 53, 61-62 [internal quotation marks omitted]). "Where the City establishes that it lacked prior written notice under the Pothole Law, the [*2]burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule" (Yarborough v City of New York, 10 NY3d 726, 728; see Morales v Village of Ossining, 218 AD3d 460, 460-461), including "where the locality created the defect or hazard through an affirmative act of negligence" (Smith v City of New York, 210 AD3d at 62 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). Here, the City established, prima facie, that it lacked prior written notice of the dangerous condition through the deposition of a City Department of Transportation record searcher (see Nieves v City of New York, 216 AD3d 800, 801; Schaum v City of New York, 216 AD3d 691, 692).
In opposition, the plaintiff failed to raise a triable issue of fact. "A notice of claim must set forth, inter alia, the nature of the claim, and the time, place, and manner in which the claim arose" (Congero v City of Glen Cove, 193 AD3d at 680 [internal quotation marks omitted]; Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1248). Evidence extrinsic to the notice of claim "cannot be used to substantively change the nature of the claim or the theory of liability, since causes of action or legal theories may not be raised in the complaint [or in a bill of particulars] that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one" (Mosley v City of New York, 217 AD3d 857, 859 [internal quotation marks omitted]; see Levy v Incorporated Vil. Of E. Hampton, 193 AD3d 714, 714-715). Contrary to the plaintiff's contention, his claim in his bill of particulars that the City created the dangerous condition asserted a new theory of affirmative negligence that was not raised in his notice of claim (see Mosley v City of New York, 217 AD3d at 860; Congero v City of Glen Cove, 193 AD3d at 681-682; Burton v Village of Greenport, 162 AD3d 968, 969-970). Accordingly, this theory cannot be considered in evaluating the City's motion for summary judgment.
In light of the foregoing, we need not consider the plaintiff's remaining contention.
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court