Mazura v Rector, Church, Wardens & Vestrymen of Trinity Church in the City of N.Y. (2024 NY Slip Op 04131)

Mazura v Rector, Church, Wardens & Vestrymen of Trinity Church in the City of N.Y.

2024 NY Slip Op 04131

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-05833
 (Index No. 705216/20)

[*1]Michael Mazura, plaintiff-respondent, 
v
Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York, defendant-respondent-appellant, Unity Construction Group, LLC, defendant fourth-party plaintiff-respondent-appellant, Jepol Construction, Inc., defendant fourth-party defendant-appellant-respondent (and a third-party action).

Fuchs Rosenzweig PLLC, New York, NY (Valerie Prizimenter of counsel), for defendant fourth-party defendant-appellant-respondent.
Charles F. Harms, Jr., Garden City, NY (Scott L. Mathias of counsel), for defendant-respondent-appellant and defendant fourth-party plaintiff-respondent-appellant.
Galasso & Langione, LLP, Garden City, NY (Peter J. Galasso of counsel), for plaintiff-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant fourth-party defendant appeals, and the defendant Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York and the defendant fourth-party plaintiff cross-appeal, from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered July 21, 2020. The order, insofar as appealed from, denied the motion of the defendant fourth-party defendant for summary judgment dismissing the complaint, the fourth-party complaint, and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the motion of the defendant Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York and the defendant fourth-party plaintiff for summary judgment dismissing the complaints and all cross-claims insofar as asserted against them and on the cross-claims of the defendant Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York against the defendant fourth-party defendant and the fourth-party complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant fourth-party defendant which was for summary judgment dismissing the fourth-party cause of action alleging breach of contract for failure to procure insurance, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant fourth-party defendant, the defendant Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York, and the defendant fourth-party plaintiff appearing separately and filing separate briefs.
The plaintiff, an employee of the United States Postal Service, allegedly was injured while delivering mail to premises in Manhattan owned by the defendant Rector, Church, Wardens & Vestrymen of Trinity Church in the City of New York (hereinafter the Rector). After delivering mail to the premises by walking up an exterior stairway, the plaintiff slipped and fell as he descended the stairway. The incident was captured on surveillance video. Thereafter, the plaintiff commenced a personal injury action against the Rector and a separate personal injury action against the defendant Unity Construction Group, LLC (hereinafter Unity), a contractor the Rector retained to perform renovation work on the premises, and Jepol Construction, Inc. (hereinafter Jepol), a subcontractor Unity retained to perform work on the stairway and the nearby railings. The actions were subsequently consolidated. The plaintiff alleged, inter alia, that he was caused to slip and fall by a dangerous condition consisting of "dust, sand, and debris" on the stairway. Unity commenced a fourth-party action against Jepol, the Rector asserted cross-claims against Jepol, and Jepol asserted cross-claims against the Rector and Unity.
The Rector and Unity moved for summary judgment dismissing the complaints and all cross-claims insofar as asserted against them and on the Rector's cross-claims against Jepol and the fourth-party complaint. Jepol moved for summary judgment dismissing the complaint, the fourth-party complaint, and all cross-claims insofar as asserted against it. In an order entered July 21, 2020, the Supreme Court, among other things, denied the motions. Jepol appeals, and the Rector and Unity cross-appeal.
The Supreme Court properly denied that branch of the motion of the Rector and Unity which was for summary judgment dismissing the complaint asserted against the Rector. Contrary to the Rector's contention, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Burrus v Douglaston Realty Mgt. Corp., 175 AD3d 461, 461; Stukas v Streiter, 83 AD3d 18, 22), the evidence relied upon by the Rector in support of the motion, which included the deposition testimony of the plaintiff and a representative of the Rector, revealed triable issues of fact as to whether the Rector created the alleged dangerous condition (see Burrus v Douglaston Realty Mgt. Corp., 175 AD3d at 462; Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1250).
The Supreme Court also properly denied that branch of the motion of the Rector and Unity which was for summary judgment dismissing the complaint insofar as asserted against Unity. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, "a party who enters into a contract to render services may be said to have assumed a duty of care[,] and thus be potentially liable in tort[,] to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]; see Skjoldal v Pacific W. Constr. Corp., 222 AD3d 1021, 1024; Vidal v City of New York, 199 AD3d 863, 865). Here, contrary to Unity's contention, it failed to establish, prima facie, that it did not assume a duty of care to the plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d at 141; Skjoldal v Pacific W. Constr. Corp., 222 AD3d at 1024).
The Supreme Court also properly denied that branch of Jepol's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Contrary to Jepol's contentions, it failed to establish, prima facie, that it did not assume a duty of care to the plaintiff, or that it did not launch a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d at 138). Jepol also failed to establish, prima facie, that the plaintiff was unable to identify the cause of his fall without resort to speculation. In support of its motion, Jepol submitted, inter alia, the plaintiff's deposition testimony. The plaintiff testified that while he did not see the dangerous condition that caused him to slip and fall, he felt debris under his right foot, which he described as "sand, iron shavings, dust," and that he observed Jepol's workers grinding and sanding paint on a nearby railing (see Weldon v Wal-Mart Stores E., LP, 219 AD3d 1558, 1559; Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584).
However, the Supreme Court erred in denying that branch of Jepol's motion which was for summary judgment dismissing the fourth-party cause of action alleging breach of contract for failure to procure insurance. Jepol established, prima facie, that it complied with any existing duty to procure insurance (see Montes v McDowell, 217 AD3d 855, 856-857; Perez v Morse Diesel Intl. Inc., 10 AD3d 497, 498). In opposition, the Rector and Unity failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court