Anderson v City of New York (2025 NY Slip Op 00414)

Anderson v City of New York

2025 NY Slip Op 00414

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06135
 (Index No. 521068/16)

[*1]Robin D. Anderson, respondent, 
v
City of New York, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West, Jeremy Pepper, and Jeremy Shweder of counsel), for appellants.
The Weinstein Law Group, PLLC, New York, NY (Rudolf B. Radna and Steven M. Weinstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated May 20, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she drove her vehicle over an uncovered manhole at the intersection of Ralph Avenue and Avenue M in Brooklyn. The manhole cover was next to the manhole and was marked "FDNY." The plaintiff thereafter served a notice of claim and commenced this action against the defendants, City of New York and New York City Fire Department, in November 2016. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the ground that they had not received prior written notice of the alleged roadway defect (see Administrative Code of City of NY § 7-201[c][2]). The Supreme Court denied the motion.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474; see Smith v City of New York, 210 AD3d 53, 62).
Here, the plaintiff did not dispute that the defendants established, prima facie, that they had no prior written notice of the alleged roadway defect. In opposition, the plaintiff instead argued that the special use exception applied. The plaintiff, however, failed to allege that exception in either the notice of claim or the complaint (see Congero v City of Glen Cove, 193 AD3d 679, [*2]681). Therefore, that new theory of liability was improperly raised in opposition to the defendants' motion for summary judgment dismissing the complaint (see Jacobowitz v City of New York, 222 AD3d 953, 955; Congero v City of Glen Cove, 193 AD3d at 681-682; Semprini v Village of Southampton, 48 AD3d 543, 544).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (see Congero v City of Glen Cove, 193 AD3d at 682).
In light of the foregoing, we need not address the parties' remaining contentions.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court